UNITED STATES DISTRICT COURT DISTRICT OF SOUTH CAROLINA

David James,                                ) Case No.: No.
                                            )
          Plaintiff,                        ) Jury Trial Requested: Yes
                                            )
     vs.                                    )
                                            )
Leif Herman, and unknown business entity,   )
                                            )
First Enroll, a New Jersey LLC, Crum &      )
Foster a Texas Corporation dba United
States Fire Insurance Company a New Jersey

          Defendants

### The Parties to This Complaint

1. The Plaintiff is David James and natural person and was present in South Carolina for all calls in this case in Greenville County.

2. Defendant Lief Hurman is an unknown business entity that can be served at 541 NW 113 Terrace Coral Springs FL 33071.

3. Defendant First Enroll is a New Jersey LLC that can be served via registered agent Corporation Service Company at 1703 Laurel Street Columbia, South Carolina 29201.

4. Defendant Crum & Foster is a Texas corporation that can be served via Registered agent C T CORPORATION SYSTEM 2 OFFICE PARK COURT SUITE 103 COLUMBIA, South Carolina 29223

### JURISDICTION AND VENUE

5. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

6. This Court also has personal jurisdiction over defendants because the events giving rise to this lawsuit occurred in this district.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) because the wrongful conduct giving rise to this case occurred in this District.

## Statement of Claim

8. Defendants sell and administer group healthcare plans.

9. To increase the sales of their healthcare plans and avoid paying for legitimate and legal forms of advertising, Defendants implemented a campaign to make telemarketing calls to thousands of consumers around the country simultaneously. Specifically, defendants amasses the names, phone numbers, and vehicle information for thousands of consumers, from unknown sources, and then placed unsolicited calls offering group healthcare plans.

10. When the Plaintiff answered his cell phone thinking a real person was calling, Defendants pulled a bait and switch by playing a prerecorded voice message advertising health insurance.

11. Defendants used robo dialers to make thousands of calls and played prerecorded messages in an attempt to get Plaintiff to purchase their product.

12. Defendants failed to obtain any prior express written consent from the Plaintiff before bombarding his cell phone with the annoying voice recordings.

13. Defendants failed to take in consideration of the National Do Not Call Registry list that the Plaintiff is registered on.

14. The Plaintiff has received over 30 calls from the defendants attempting to sell their services. Some of these calls originate from a spoofed caller id that typically shows a local number, a pre-recorded message, and the calls had a 3-4 seconds of dead air before the pre-recorded message began, indicating the calls were initiated using an automated telephone dialing system.

15. The calls started in March of 2020 and the Plaintiff would press whatever number was offered to not receive any more calls. The calls would continue every few days.
16. In March of 2020, the Plaintiff pressed the option to speak with a live person. Once the person answered the phone, the rep identified themselves as "Insure Hippo", the plaintiff told them he was on the DNC list and wanted a copy of their internal do not call policy and to be removed from their calls and the Defendants disconnected the call. Over the next several weeks, the Plaintiff received these calls numerous times on a weekly basis.
17. All of the calls were received on the Plaintiffs personal cell phone number 864-350-1312. The Plaintiff should be able to ascertain to total number of calls through discovery.
18. The Plaintiff continued to receive calls daily throughout the months of March, April and May. On several occasions, the Plaintiff spoke with a live rep and played along in attempt to get pertinent information from the Defendants. The Plaintiff played along to the sales pitch, but when he would ask too many questions or address concerns the defendants would disconnect the call. On 5-21-2020, the Plaintiff purchased contract id# 676548664 in an effort to get contact information from the Defendants. The Defendants immediately emailed the Plaintiff documents showing all of the provider's information.
19. A few days later, the Plaintiff called the provider back to notify them of their blatant disregard to the DNC, to cancel the contract, and to provide notice of future litigation.
20. The defendant did quickly terminate the policy and processed a return of the premium that was paid, but the same company called again several days later in another attempt to sell the product. I attempted to purchase it again and they realized that they were selling to someone who has just canceled and notified them on their illegal actions and they disconnected the call.

3

21. The Defendants knowingly violated the TCPA by initiating automated calls with pre-recorded messages to the Plaintiff without maintaining an internal do not call policy in violation of 47 CFR 64. 1200(d).
22. The Defendants never sent the Plaintiff any do-not-call policy in violation of 47 CFR 64. 1200(d)(1).
23. The Defendants placed telemarketing calls to the Plaintiff without training their agents engaged in telemarketing on the existence and use of any do-not-call list in violation of 47 CFR 64. 1200(d)(2).
24. The Defendants placed telemarketing calls without identifying themselves of the party they were calling on behalf of in violation of 47 CFR 64. 1200(d)(4).

**PRAYER FOR RELIEF**

A. The Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

B. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violation of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone number without his prior express written consent.

C. The Defendants are also in violation of South Carolina Telephone Protection Act, which carries penalties per call of up to 5000.

D. The Plaintiff is entitled to an award of at least 500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

E. If the court finds that the Defendants willfully or knowingly violated this subsection, the court may exercise and its discretion to increase the amount of the award from $500 to 1,500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(C).

F. Plaintiff also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to

cellular telephone numbers without the prior express written consent of the called party.

G. An order declaring that the Defendants' actions, as set out above, violate the TCPA.

H. An award of all actual and statutory damages.

I. An award of reasonable court costs and fees.

J. Any other further relief that the Court deems reasonable and just.

### Certification and Closing

25. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous agreement for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, is specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the compliant otherwise complies with the requirements of Rule 11.

### For Parties Without an Attorney

26. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address of file with the Clerk's Office may result in the dismissal of my case.

Dated this 27th day of August, 2020

Plaintiff: David James

5